

# THE LAW OFFICE OF JAMES JANTARASAMI

**JAMES JANTARASAMI**
ATTORNEY AT LAW

WRITER'S DIRECT: (212) 321-0256
EMAIL:  JAMES@JLAWNYC.COM

3 COLUMBUS CIRCLE, 15TH FL.
NEW YORK, NY 10019
MAIN: (212) 324-1480
FAX: (212) 328-1436
WWW.JLAWNYC.COM

**REQUEST FOR PRE-MOTION CONFERENCE**

*\*\*VIA ECF*

November 14, 2022

Hon. Mary Kay Vyskocil, D.J.
U.S. District Court, Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

RE:     TORO v. GENERAL STORE, LLC | Case No. 1:22-cv-06130-MKV

Honorable Judge Vyskocil:

    Defendant General Store, LLC ("Defendant") intends to file a pre-answer motion to dismiss the Complaint pursuant to FRCP 12(b)(1) and 12(b)(6).  As required by Sec. 4(a)(i) of this Court's Individual Rules of Practice in Civil Cases, this letter is to request a pre-motion conference, and to briefly summarize the grounds for the contemplated motion.  Counsel for Plaintiff has not replied to our inquiry to indicate whether Plaintiff consents to a conference or will oppose the motion.

    Plaintiff Jasmine Toro ("Plaintiff" or "Ms. Toro") is a serial ADA litigant who resides in the Bronx, New York, nearly 3,000 miles away from the pair of boutique retail stores that Defendant operates in San Francisco and Los Angeles, California.[1]  From July-September 2022, Ms. Toro, through the same law firm representing her in this action, filed at least 21 virtually identical complaints (the "Carbon-Copy Cases," of which this Court has been assigned three) in this District, alleging that various consumer-facing retail websites have violated Title III of the Americans with Disabilities Act, 42 U.S.C. 12181, et seq. (the "ADA") by failing to design their websites in such a way as to meet the highest standards for web accessibility to the blind and visually-impaired.[2]  A PACER search result page identifying the Carbon-Copy Cases is annexed hereto as **Exhibit A**.  This Court should take judicial notice that the contents of the Complaint in this action are substantively identical to those in all 20 of the other Carbon-Copy Cases, with only the party names, website addresses, and similar details swapped out.

    Against the widely-recognized backdrop of the "hundreds of substantively identical [Title III] lawsuits filed in the Southern District of New York" utilizing "transparent cut-and-paste and fill-in-the-

---

[1] Compl. ¶¶ 15-17.
[2] Compl. ¶¶ 19-23.

blank pleadings,"[3] the Second Circuit has issued a spate of rulings this year applying heightened scrutiny to ADA plaintiffs' standing to sue.[4]  A plaintiff bringing a claim pursuant to the ADA bears the burden of establishing her standing by showing that: (a) she has suffered an injury-in-fact under the ADA; (b) it is reasonable to infer that the complained-of discrimination will continue; and (c) it is reasonable to infer that plaintiff intends to return to the defendant's place of business in the future.[5]  Particularly relevant here, a plaintiff "may not rely solely on past injury, but also must establish that she is likely to be harmed again in the future in a similar way… allegations of *possible* future injury are not sufficient."[6]

In the case at bar, Defendant contends that the Complaint fails to plausibly allege that Plaintiff suffered, or is at imminent risk of suffering, an injury in fact sufficient to establish her standing to sue – particularly in view of the fact that she serves as a named plaintiff in so many similar ADA cases.[7]  The Supreme Court has repeatedly emphasized that for Article III purposes, the alleged injury in fact "must affect the plaintiff in a personal and individual way,"[8] and "must actually exist" in the sense of being "'real,' and not 'abstract.'"[9]  In this regard, a statutory violation alone does not equate to a concrete injury.  Rather, a plaintiff must show a current or past harm beyond the statutory violation itself.[10]

Although as a general rule the Court will accept the truth of a plaintiff's allegations at the motion to dismiss stage, the plaintiff nevertheless "bears the burden of alleging facts that affirmatively and **plausibly** suggest that [he/she] has standing to sue."[11]  Assessing plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense," and does not require the court to credit "a legal conclusion couched as a factual allegation" or a "naked assertion devoid of further factual enhancement."[12]  The central inquiry is not whether a complaint pleads magic words amounting to a bare assertion of injury, but if, "examined under the 'totality of all relevant facts,' the plaintiff plausibly alleges a real and immediate threat of future injury."[13]

By way of establishing injury in this case, the Complaint herein merely alleges that Ms. Toro "browsed and intended to make an online purchase of jewelry" on Defendant's website, but "was unable to make an online purchase of jewelry products" due to alleged access barriers.[14]  As a result of such alleged barriers, Ms. Toro claims that she "found herself disoriented."[15]  Such vague and conclusory assertions of harm do not amount to the actual, concrete and particularized harm required to survive a motion to dismiss.

---

[3]  *Calcano v. Swarovski N. Am. Ltd*., 36 F.4th 68, 73 and 77 (2nd Cir. 2022).
[4]  *See, e.g., Calcano, id.; Harty v. West Point Realty, Inc.*, 28 F. 4th 435 (2nd Cir. 2022); *Laufer v. Ganesha Hosp.*, 0:21-cv-00995 (2nd Cir. 2022) (summary order entered July 5, 2022).
[5]  *See Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013).
[6]  *Calcano*, 36 F.4th at 74 (internal citations omitted) (emphasis in original).
[7]  District Judge Valerie Caproni evidently took the same view of Ms. Toro's substantively identical complaint in one of the Carbon Copy Cases (*Toro v. D'Vine Gourmet, LLC*, Case No. 1:22-cv-07588-VEC) moving sua sponte by order to show cause dated September 29, 2022 (ECF Doc. 6) for dismissal, citing *Calcano*, 36 F.4th 435.
[8]  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).
[9]  *Spokeo v. Robins*, 578 U.S. 330, 340 (2016).
[10]  *See TransUnion LLC v. Ramirez,* 141 S. Ct. 2190, 2204–07, 210 L.Ed.2d 568 (2021).
[11]  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (emphasis supplied).
[12]  *Id*. at 678.
[13]  *Calcano*, 36 F.4th at 75, *quoting Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1233 (11th Cir. 2021).
[14]  Compl. ¶¶ 10, 36.
[15]  Compl. ¶ 32.

In *Harty v. West Point Realty, Inc.*, supra, the Second Circuit rejected the "informational injury" theory of standing on which Plaintiff appears to rely, holding that even if an ADA plaintiff can allege that the defendant's website failed to provide information to which he/she is entitled by the ADA, he/she must also allege "downstream consequences from failing to receive the required information… In other words, [plaintiff] must show that he has an interest in using the information… beyond bringing [his] lawsuit."[16] The plaintiff in *Harty* was a so-called "tester" who merely browsed the websites of potential defendants for the purpose of determining whether those sites complied with ADA requirements, without ever having any intention of becoming a customer himself. Because the *Harty* plaintiff had not plausibly alleged a bona fide interest in visiting the defendant's hotel, he had failed to establish Article III standing to sue.[17]

Likewise, in *Calcano*, supra, the Second Circuit rejected the ADA plaintiffs' "Mad-Libs-style complaints" – which arose out of certain retail store defendants' failure to carry braille gift cards – as being unsupported by a plausible claim of injury.[18] The *Calcano* plaintiffs, like Ms. Toro, dutifully alleged in their pleadings that they wished to make an online purchase from the defendants (gift cards in the *Calcano* case, unspecified "jewelry products" in the instant case). However, the *Calcano* plaintiffs "never explain[ed] why they want[ed] those cards in the first place," and failed to plausibly establish that plaintiffs "intended to return" to defendants' places of business,[19] just as Ms. Toro (i) does not include any factual detail as to what "jewelry products" she intended to buy from Defendant, (ii) does not allege that she has ever been a customer of the California-based General Store in the past (which, upon information and belief, she has not), (iii) does not state why she wanted to buy from Defendant as opposed to any other jewelry site, and (iv) does not plausibly establish that she ever intends to return to General Store's website or has any *bona fide* intention of otherwise becoming a General Store customer.

Rather, viewed in the larger context of the Carbon-Copy Cases, it is clear that Ms. Toro visited Defendant's website, if at all, solely for the purpose of identifying a target against whom to bring this mass-produced lawsuit. It is absurd to suppose that Plaintiff has any genuine interest in purchasing Defendant's goods, under these circumstances. Accordingly, Plaintiff has not suffered a particularized or concrete injury in fact, and the Complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6).

Respectfully submitted,

James Jantarasami
*Attorney for Defendant General Store, LLC*

Enc (1)

Cc: MARS KHAIMOV LAW, PLLC
*Attorney for Plaintiff*

---

[16] *Harty, supra*, 28 F. 4th at 444 (internal quotations omitted); *see also TransUnion*, 141 S. Ct. at 2214.
[17] *See Harty, id.*
[18] *Calcano*, 36 F.4th at 77-78.
[19] *Id.* at 77; *see also Harty,* 28 F. 4th at 443 (allegation that "in the near future" plaintiff intends to "utilize the website to reserve a guest room" was insufficiently imminent to create an injury in fact).