UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASMINE TORO, individually and as the representative of a putative class of similarly situated persons,<br><br>                     Plaintiff,<br><br>          v.<br><br>GENERAL STORE, LLC,<br><br>                     Defendant. | Case No. 1:22-cv-06130-MKV |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS**

Dated: January 3, 2023
          New York, New York

JAMES JANTARASAMI, ESQ.
LAW OFFICE OF JAMES JANTARASAMI
3 Columbus Circle, 15th Fl.
New York, NY 10019
(212) 324-1480
*Attorney for Defendant General Store, LLC*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ......................................................................................................... **i**

**PRELIMINARY STATEMENT** .................................................................................................. **1**

**STATEMENT OF THE CASE** ..................................................................................................... **1**

**ARGUMENT** ............................................................................................................................... **3**

    I.    The applicable legal standard requires Plaintiff to plausibly allege an injury-in-fact
         arising from Defendant's actions or omissions .................................................................. 3

    II.   The Amended Complaint remains purely formulaic, conclusory and outlandish with
         respect to its allegations of injury; such legal conclusions couched as factual assertions do
         not warrant any deference by this Court and should not suffice to open the door to
         protracted and costly discovery ........................................................................................ 5

    III.  Plaintiff's state and city law claims stand or fall together with her ADA claims; her
         declaratory judgment cause of action is not properly characterized as an independent
         claim but is merely a request for relief .............................................................................. 7

**CONCLUSION** .......................................................................................................................... **9**

# TABLE OF AUTHORITIES

CASES

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................ 3, 5

*Bernstein v. City of New York*,
   621 F. App'x 56 (2d Cir. 2015) (summary order) ........................................... 4

*Calcano v. Swarovski N. Am. Ltd.*,
   36 F.4th 68 (2nd Cir. 2022) ................................................................ 2, 3, 4, 6

*Dominguez v. Athleta LLC*,
   2021 WL 918314  (S.D.N.Y. Mar. 10, 2021) .................................................. 4

*Dominguez v. Grand Lux Cafe LLC*,
   2020 WL 3440788  (S.D.N.Y. June 22, 2020) (Hon. Vyskocil, D.J.) .......... 4, 7

*Harty v. Greenwich Hosp. Grp., LLC*,
   536 F. App'x 154 (2d Cir. 2013) (summary order) .......................................... 4

*Harty v. West Point Realty, Inc.*,
   28 F. 4th 435 (2nd Cir. 2022) ..................................................... 2, 4, 5, 6

*Kennedy v. Floridian Hotel, Inc.*,
   998 F.3d 1221 (11th Cir. 2021) ...................................................................... 3

*Kolari v. New York-Presbyterian Hosp.*,
   455 F.3d 118 (2d Cir. 2006) ............................................................................ 8

*Kreisler v. Second Ave. Diner Corp.*,
   731 F.3d 184 (2d Cir. 2013) ............................................................................ 3

*Laufer v. Ganesha Hosp.*,
   0:21-cv-00995 (2nd Cir. 2022) (summary order) ............................................ 2

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ......................................................................................... 3

*Parker v. Columbia Pictures Indus.*,
   204 F.3d 326 (2d Cir. 2000) ............................................................................ 8

*Range v. 535 Broadway Grp. LLC*,
   2019 WL 4182966  (S.D.N.Y. Sept. 3, 2019) ................................................. 8

*Spokeo v. Robins*,
   578 U.S. 330 (2016) ......................................................................................... 3

*TransUnion LLC v. Ramirez*,
   141 S. Ct. 2190, 210 L.Ed.2d 568 (2021) ....................................................... 4


STATUTES

42 U.S.C. 12181, et seq. ......................................................................................... 1


RULES

Fed. R. Civ. P. 12(b)(1) ..................................................................................... 1, 9
Fed. R. Civ. P. 12(b)(6) .................................................................................. 1, 7, 9

## PRELIMINARY STATEMENT

Defendant General Store, LLC ("Defendant") respectfully submits this memorandum of law in support of her pre-answer motion to dismiss Plaintiff's First Amended Class Action Complaint dated December 19, 2022 (the "Amended Complaint" or "Compl.") [ECF No. 11] pursuant to FRCP 12(b)(1) and 12(b)(6).  The Court is respectfully referred to the annexed declaration of James Jantarasami, Esq. of even date herewith (the "Jantarasami Decl.") for a brief statement of the relevant facts.

## STATEMENT OF THE CASE

Plaintiff Jasmine Toro ("Plaintiff" or "Ms. Toro") is a serial ADA litigant who resides in the Bronx, New York, nearly 3,000 miles away from the pair of boutique retail stores that Defendant operates in San Francisco and Los Angeles, California.[1]  From July-December 2022, Ms. Toro, through the same law firm representing her in this action, has filed at least 31 virtually identical complaints (the "Carbon-Copy Cases," of which this Court is presently assigned four) in this District, alleging that various consumer-facing retail websites have violated Title III of the Americans with Disabilities Act, 42 U.S.C. 12181, et seq. (the "ADA") by failing to design their websites in such a way as to meet the highest standards for web accessibility to the blind and visually-impaired.[2]  A PACER search result page identifying the Carbon-Copy Cases as of January 3, 2023 is annexed to the Jantarasami Decl. as **Exhibit A**.

In response to the undersigned's request for a pre-motion conference herein, Ms. Toro was given the opportunity to and did amend her original pleading (the "Original

---

[1] Compl. ¶¶ 14-16.
[2] Compl. ¶¶ 16-21.

Complaint") [ECF No. 1], presumably in an effort to enlarge her factual allegations and avoid a motion to dismiss on the grounds enumerated in Defendant's November 14, 2022 letter application.  [ECF No. 8].  Notably, Plaintiff has provided no redline or document comparison to the Court or to Defendant, indicating in what way the Amended Complaint differs from the Original Complaint.  Yet, in the absence of a redline, it is nonetheless evident from a cursory review that the Amended Complaint is strikingly similar to the Original Complaint.  There appear to be edits germane to the present motion practice only at Paragraphs 8, 32, 36 and 37 – where Plaintiff makes a halfhearted effort to flesh out her alleged injury-in-fact to support her standing to sue.

This Court should take judicial notice that the contents of the Amended Complaint in this action remain substantively identical to those in the Carbon-Copy Cases, with only the party names, website addresses, and similar details swapped out.  Against the widely-recognized backdrop of the "hundreds of substantively identical [Title III] lawsuits filed in the Southern District of New York" utilizing "transparent cut-and-paste and fill-in-the-blank pleadings," *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 73 and 77 (2nd Cir. 2022), the Second Circuit has issued a spate of rulings this year applying heightened scrutiny to ADA plaintiffs' standing to sue.  *See, e.g., id.; Harty v. West Point Realty, Inc.*, 28 F. 4th 435 (2nd Cir. 2022); *Laufer v. Ganesha Hosp.*, 0:21-cv-00995 (2nd Cir. 2022) (summary order entered July 5, 2022).

In the case at bar, Defendant contends that the Amended Complaint fails to plausibly allege that Plaintiff suffered, or is at imminent risk of suffering, an injury in fact sufficient to establish her standing to sue – particularly in view of the fact that she serves as a named plaintiff in so many similar ADA cases.

**ARGUMENT**

I.     **The applicable legal standard requires Plaintiff to plausibly allege an injury-in-fact arising from Defendant's actions or omissions**

Although as a general rule the Court will accept the truth of a plaintiff's allegations at the motion to dismiss stage, the plaintiff nevertheless "bears the burden of alleging facts that affirmatively and **plausibly** suggest that [he/she] has standing to sue." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (emphasis supplied).  Assessing plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense," and does not require the court to credit "a legal conclusion couched as a factual allegation" or a "naked assertion devoid of further factual enhancement." *Id.* at 678.  The central inquiry is not whether a complaint pleads magic words amounting to a bare assertion of injury, but if, "examined under the 'totality of all relevant facts,' the plaintiff plausibly alleges a real and immediate threat of future injury." *Calcano*, 36 F.4th at 75, *quoting Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1233 (11th Cir. 2021).

A plaintiff bringing a claim pursuant to the ADA bears the burden of establishing her standing by showing that: (a) she has suffered an injury-in-fact under the ADA; (b) it is reasonable to infer that the complained-of discrimination will continue; and (c) it is reasonable to infer that plaintiff intends to return to the defendant's place of business in the future. *See Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013). The Supreme Court has repeatedly emphasized that the alleged injury in fact "must affect the plaintiff in a personal and individual way," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) and – crucially to this case – "must actually exist" in the sense of being "'real,' and not 'abstract.'"  *Spokeo v. Robins*, 578 U.S. 330, 340 (2016).  In this regard, a bare or technical violation of the ADA, without

more, does not equate to a concrete injury suffered by any litigant.  Rather, a plaintiff must show

a current or past harm beyond the statutory violation itself.  *See TransUnion LLC v. Ramirez,*

141 S. Ct. 2190, 2204–07, 210 L.Ed.2d 568 (2021).

An ADA plaintiff "may not rely solely on past injury, but also must establish that

she is likely to be harmed again in the future in a similar way… allegations of *possible* future

injury are not sufficient." *Calcano*, 36 F.4th at 74 (internal citations omitted) (emphasis in

original). To establish the likelihood of such future harm, "[t]he plaintiff must allege specific

facts that 'show a plausible intention or desire to return to the place but for the barriers to

access.'" *Dominguez v. Grand Lux Cafe LLC*, 2020 WL 3440788 at *3 (S.D.N.Y. June 22, 2020)

(Hon. Vyskocil, D.J.); *see also Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 155 (2d

Cir. 2013) (summary order) (pleading that one travels frequently does not show intent to return

to a specific hotel); *Bernstein v. City of New York*, 621 F. App'x 56, 58–59 (2d Cir. 2015)

(summary order) (alleging that one has visited Central Park many times in the past is not

sufficient to show intent to return in the future); *Dominguez v. Athleta LLC*, 2021 WL 918314 at

*3 (S.D.N.Y. Mar. 10, 2021) (fact of filing "at least 24 nearly identical complaints against other

retailers… undermines the sincerity of Plaintiff's alleged intent to return").

In *Harty v. West Point Realty, Inc.*, supra, the Second Circuit rejected the

"informational injury" theory of standing on which Plaintiff appears to rely, holding that even if

an ADA plaintiff can allege that the defendant's website failed to provide information to which

he/she is entitled by the ADA, he/she must also allege "downstream consequences from failing

to receive the required information… In other words, [plaintiff] must show that he has an interest

in using the information… beyond bringing [his] lawsuit." *Harty, supra*, 28 F. 4th at 444

(internal quotations omitted); *see also TransUnion*, 141 S. Ct. at 2214.  The plaintiff in *Harty*

4

was a so-called "tester" who merely browsed the websites of potential defendants for the purpose

of determining whether those sites complied with ADA requirements, without ever having any

intention of becoming a customer himself.  Because the *Harty* plaintiff had not plausibly alleged

a bona fide interest in visiting the defendant's hotel, he had failed to establish Article III standing

to sue.  *See Harty, id.* at 444.

II.     **The Amended Complaint remains purely formulaic, conclusory and outlandish
        with respect to its allegations of injury; such legal conclusions couched as factual
        assertions do not warrant any deference by this Court and should not suffice to
        open the door to protracted and costly discovery**

By way of establishing injury in this case, the Amended Complaint rehashes the

Original Complaint's allegation that Ms. Toro "browsed and attempted to transact business on

Defendant's website" on July 12, 2022 – a mere 7 days before filing the Original Complaint in

this action – but was unable to make a purchase due to alleged access barriers.[3]  Whereas the

Original Complaint alleged that Ms. Toro "found herself disoriented" on Defendant's website,

the Amended Complaint states that "the user experience left her discombobulated and

confused."[4]  Whereas the Original Complaint did not specify what "jewelry products" Plaintiff

allegedly intended to buy from Defendant, the Amended Complaint dutifully alleges that she

intended to buy "Ambrosia" or "Esyllt" earrings and adds that, due to the website's alleged

failures, "Plaintiff is unable to experience the joy, emotional satisfaction, and fulfillment of

wearing the jewelry that the Defendant offers on its website."[5]

Appealing to this Court's judicial experience and common sense, as *Iqbal*

instructs, the undersigned submits that Plaintiff's expanded allegations of injury are preposterous

---

[3] Compl. ¶¶ 6-8.
[4] Original Complaint ¶ 32; Amended Complaint ¶ 32.
[5] Compl. ¶ 36-37.

and should not be reflexively credited as true in the context of this motion to dismiss.  They do not amount to the actual, concrete and particularized harm required to survive a motion to dismiss.  In *Calcano*, supra, the Second Circuit rejected the ADA plaintiffs' "Mad-Libs-style complaints" – which arose out of certain retail store defendants' failure to carry braille gift cards – as being unsupported by a plausible claim of injury.  36 F.4th at 77-78.  The *Calcano* plaintiffs, like Ms. Toro, recited the magic formula in their pleadings, asserting that they wished to make an online purchase from the defendants (gift cards in the *Calcano* case, jewelry in the instant case).  However, the *Calcano* plaintiffs "never explain[ed] why they want[ed] those cards in the first place," and failed to plausibly establish that plaintiffs "intended to return" to defendants' places of business.  *Id.* at 77; *see also Harty,* 28 F. 4th at 443 (allegation that "in the near future" plaintiff intends to "utilize the website to reserve a guest room" was insufficiently imminent to create an injury in fact).

The Amended Complaint does not include any factual context that would make it plausible to suppose that Ms. Toro ever intends to return to General Store's website or has any *bona fide* intention of otherwise becoming a General Store customer.  She (a Bronx resident) does not allege that she has ever been a customer of the California-based General Store in the past.  She stops short of alleging that the "Ambrosia" and "Esyllt" earrings she supposedly intends to buy are exclusively available via Defendant's website.[6]  Moreover, the legally blind Ms. Toro does not explain why she would want to buy "thinly-styled," "real gold" earrings

---

[6] The Court should take judicial notice that a Google search shows both items readily available for purchase online by their manufacturer for the same price advertised on Defendant's retail website.  See, e.g., https://laurieflemingjewellery.com/shop/ambrosia-earrings (last visited January 3, 2023) and https://laurieflemingjewellery.com/shop/esyllt-earrings (last visited January 3, 2023).  *Cf. Pahls v. Thomas*, 718 F.3d 1210, 1216, fn. 1 (10th Cir. 2013) (courts may take judicial notice of Google map data as a source whose accuracy cannot reasonably be questioned).

online by "listening to audio descriptions of the images of the products sold on the Website,"[7] as opposed to shopping in person where she would be able to touch and try on the earrings.

The Amended Complaint's plausibility is further undercut by how similar it is to the amended pleadings Ms. Toro has filed in the Carbon Copy Cases. The Court should take judicial notice that, in response to motions to dismiss in two such cases, Ms. Toro filed amended complaints that are substantively identical to the Amended Complaint in this case.[8]

As this Court observed in *Dominguez v. Grand Lux Cafe LLC*, supra, addressing a generic ADA complaint that had been used to file dozens of identical cases: "those who live by the photocopier shall die by the photocopier where they fail specifically to assert any concrete injury." 2020 WL 3440788 at *8 (internal quotations omitted). Viewed in the larger context of the Carbon-Copy Cases, it is clear that Ms. Toro visited Defendant's website, if at all, solely for the purpose of identifying a target against whom to bring this mass-produced lawsuit. It is absurd to suppose that Plaintiff has any genuine interest in purchasing Defendant's goods, under these circumstances. Accordingly, Plaintiff has not suffered a particularized or concrete injury in fact, and the Complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6).

III. **Plaintiff's state and city law claims stand or fall together with her ADA claims; her declaratory judgment cause of action is not properly characterized as an independent claim but is merely a request for relief**

Plaintiff's Second, Third and Fourth Causes of action raise claims ("Parallel Claims") under the New York State Human Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYSCRL"), and New York City Human Rights Law ("NYCHRL").[9] The Parallel

---

[7] Compl. ¶¶ 6, 8.
[8] Refer to *Toro v. D'Vine Gourmet, LLC*, Case No. 1:22-cv-07588-VEC [ECF No. 12] and *Toro v. GMT Games, LLC*, 1:22-cv-06011-JLR [ECF No. 17].
[9] Compl. ¶¶ 69-108.

Claims are premised upon the same factual allegations that Plaintiff's ADA claims are based upon; there are no new or additional facts specific to the Parallel Claims.  Courts evaluate such ancillary disability discrimination claims, made under parallel state and city statutes, according to the same standards as those applied to the main ADA claims.  *See, e.g., Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 n.1 (2d Cir. 2000); *Range v. 535 Broadway Grp. LLC*, 2019 WL 4182966 at *6 (S.D.N.Y. Sept. 3, 2019) (failure to state a claim under the ADA means that NYSHRL and NYSCRL claims also fail).

If this Court dismisses Plaintiff's ADA claims under the First Cause of Action, it should likewise dismiss the Parallel Claims for failure to state a cause of action, or in the alternative, dismiss them pursuant to 28 U.S.C. § 1367(c) because there would be no remaining federal question in the case.  *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

Finally, the Court should dismiss Plaintiff's Fifth Cause of Action as improperly pled.[10]  It is self-evident that the Fifth Cause of Action is not properly characterized as an independent claim but is merely a request for declaratory relief that hinges entirely on the success of her underlying statutory claims.  As such, it is duplicative of the First, Second, Third and Fourth Causes of Action.

---

[10] Compl. ¶¶ 109-111.

## CONCLUSION

For all of the above reasons, Defendant respectfully requests that the motion be granted in its entirety, and that this Court issue an order:

A.      Dismissing the Amended Complaint pursuant to FRCP 12(b)(1) and/or 12(b)(6), with prejudice and without leave for Plaintiff to further amend; and

B.      Granting such other and further relief as may be deemed just and proper.

Dated: January 3, 2023
          New York, New York

                          Respectfully submitted,

                          LAW OFFICE OF JAMES JANTARASAMI
                          3 Columbus Circle, 15th Fl.
                          New York, NY 10019
                          (212) 324-1480
                          *Counsel for Defendant*

                          By:   /s/ James Jantarasami_____
                                  James Jantarasami