UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/19/2023

JASMINE TORO, *on behalf of herself and all others similarly situated*,

Plaintiff,

-against-

GENERAL STORE, LLC,

Defendant.

1:22-cv-6130 (MKV)

**OPINION AND ORDER
GRANTING MOTION
TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Jasmine Toro brought this putative class action against Defendant General Store, LLC, alleging that Defendant has failed to make its website, which sells jewelry and other goods, fully accessible to blind and visually impaired people in violation of the Americans with Disabilities Act ("ADA") and related state and city laws. Defendant now moves to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, the motion to dismiss is GRANTED.

## **BACKGROUND**[1]

Defendant General Store, LLC is a California-based company that sells various handmade and artisanal home products, apparel, and jewelry on its website, Shop-generalstore.com (the "Website"). AC ¶¶ 12, 15-16. Plaintiff Jasmine Toro is a legally blind resident of the Bronx who twice visited Defendant's Website to "browse" the products and, ultimately, to buy a pair of earrings, the "thin style" of which "is the exact style that suits [her] taste." AC ¶¶ 6, 13-14, 36.

---

[1] The Opinion draws its facts from the Amended Complaint [ECF No. 11] ("AC"), the well-pleaded facts of which are taken as true for purposes of this motion. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56-57 (2d Cir. 2016). The Court also has considered extrinsic evidence, such as declarations attached to the parties' submissions, in resolving the pending motion to dismiss for lack of subject matter jurisdiction. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016). This includes the Declaration of J. Jantarasami in Support of Defendant's Motion to Dismiss [ECF No. 12-1] ("Jantarasami Decl."), and the Declaration of Jasmine Toro in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss [ECF No. 15-1] ("Toro Decl.").

Plaintiff first browsed the Website on July 12, 2022, and then again on December 16, 2022.[2]  AC ¶¶ 6, 26.

But things did not go according to (the alleged) plan.  The Website contained access barriers which prevented Plaintiff from successfully navigating the site using keyboards and screen-reading software, which works to vocalize visual information on a computer screen.  AC ¶¶ 18, 29.  Put differently, "technical limitations on the site prevented [Plaintiff] from determining how to complete a purchase on the website, where the desired products were on the webpage, [and] what the prices were of the desired products."  AC ¶ 6.  The technical limitations also prevented Plaintiff from "adding the items to the shopping cart successfully."  AC ¶ 6.

As a result, Plaintiff was unable to use the Website to buy the earrings she wanted.  AC ¶ 36.  This was discouraging because the earrings perfectly suited Plaintiff's taste, and because she was "unable to find that exact style [of] earrings that are also made of real gold at other affordable retailers."  AC ¶ 36.  According to Plaintiff, she would return to the Website "immediately" if it were made accessible to her and would then buy the pair of golden earrings.  AC ¶¶ 38-39.

## PROCEDURAL HISTORY

Plaintiff filed this action alleging that Defendant had violated the ADA, New York State Human Rights Law ("NYSHRL"), New York State Civil Rights Law ("NYSCRL"), and New York City Human Rights Law ("NYCHRL").  [ECF No. 1].  The Complaint seeks an injunction requiring Defendant to bring its website into compliance with the ADA and the related state and city laws, a declaration that Defendant is operating its website in a way that discriminates against the blind and violates the applicable federal and state laws, an order certifying a class,

---

[2] Plaintiff states in her declaration that she also visited the Website on January 30, 2023, Toro Decl. ¶ 7, a few weeks after Defendant moved to dismiss the amended complaint.

compensatory damages, pre- and post-judgment interest, and fees and costs.  Compl., Prayer for Relief.

Defendant filed a pre-motion letter for a conference in advance of its anticipated motion to dismiss.  [ECF No. 8] ("Pre-Motion Ltr.").  In that letter, Defendant explained that Plaintiff has "filed at least 21 virtually identical complaints . . . in this District,"[3] and argued that when Plaintiff's cookie-cutter complaint is viewed in that broader context, it is clear that Plaintiff has neither been injured, nor suffers an imminent threat of injury, as a result of any access barriers on Defendant's Website.  Pre-Motion Ltr. at 1.  The Court thereafter issued a scheduling order, which provided Plaintiff the opportunity to amend her complaint by a certain date, and which warned Plaintiff that "[t]his will be [her] last opportunity to amend the complaint in response to arguments raised in Defendant's letter."  ECF. No. 9.  Plaintiff thereafter filed an amended complaint [ECF No. 11], adding the color regarding her interest in the earrings and her inability to get them elsewhere.  AC ¶¶ 8, 36.

Defendant moved to dismiss the complaint for lack of subject matter jurisdiction, arguing that the amended complaint did not remedy the problems it had previously identified in its pre-motion letter.  [ECF No. 12-3] ("Def. Mem.").  Plaintiff opposed the motion to dismiss.  [ECF No. 15] ("Pl. Opp.").  No reply was filed.

## LEGAL STANDARD

Rule 12(b)(1) requires that a claim be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "A plaintiff has the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists."  *Lunney v. United States*,

---

[3] The number of identical complaints filed in this District would reach 31 by the time Plaintiff filed her Amended Complaint in December 2022.  Jantarasami Decl., Ex. A.

319, F.3d 550, 554 (2d Cir. 2003). "When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true but does not presume the truthfulness of the complaint's jurisdictional allegations." *Sanchez v. NutCo, Inc.*, No. 20-cv-10107, 2022 WL 846896, at *2 (S.D.N.Y. Mar. 22, 2022).

## DISCUSSION

### I.      Standing with Respect to the ADA Claim

Defendant moves to dismiss this action for lack of subject matter jurisdiction on the ground that Plaintiff does not have Article III standing. To have standing, Plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Where, as here, the plaintiff seeks injunctive relief, she "must also prove that the identified injury in fact presents a 'real and immediate threat of future injury,' often termed 'a likelihood of future harm.'" *Bernstein v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) (quoting *Shain v. Ellison*, 356 F.3d 211, 215-16 (2d Cir. 2004)).

Defendant argues that, even if it violated the ADA, Plaintiff has failed to establish an injury in fact. In the ADA context, the Second Circuit has "previously found standing (and therefore an injury in fact) where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013). In the digital context, "the third requirement [for standing] can be met by non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website." *Loadholt v.*

4

*Dungarees*, Inc., No. 22-cv-4699, 2023 WL 2024792, at *2 (S.D.N.Y. Feb. 15, 2023) (citing *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022)).

Here, Plaintiff's amended complaint contains bare, conclusory statements and lacks additional factual allegations that would allow the Court plausibly to infer that Plaintiff intends to return to Defendant's website.  Plaintiff alleges in her amended complaint that she visited Defendant's website twice, nearly five months apart, to purchase a pair of earrings.  AC ¶¶ 6, 36. That the first visit occurred a mere week before Plaintiff filed this action, and that the second visit occurred only three days before she filed her amended complaint, is conspicuous to say the least. *See Winegard v. Golftec Intell. Prop. LLC*, No. 23-cv-1244, 2023 WL 3672540, at *3 (E.D.N.Y. May 26, 2023) (noting skepticism of standing given that Plaintiff "only visited defendants' website . . . ten days before filing this lawsuit").  And it is made all the more conspicuous by the fact that in those intervening months—*i.e.*, from July to December of 2022—Plaintiff, through the same law firm representing her in this action, filed at least 31 virtually identical complaints in this District.  Jantarasami Decl., Ex. A.[4]

There is nothing wrong, of course, with a plaintiff seeking repeated relief in response to repeated injury.  But the frequency with which Plaintiff has filed these near-identical complaints is arresting, and should not be ignored.  Indeed, the Second Circuit has explained that when a series of "carbon-copy complaints" have been filed, courts should take notice of "the broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings."  *Calcano v. Swarovski N. America Ltd.*, 36 F.4th 68, 77 (2d Cir. 2022).  Heeding that guidance, the Court reviews Plaintiff's

---

[4] The Court may take judicial notice of the other actions commenced by Plaintiff and her counsel. *See Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A Court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

complaint with a critical eye to ensure that she seeks relief for harms honestly endured, and not merely manufactured.  Plaintiff's complaint cannot survive such scrutiny.

Plaintiff filed her lawsuit after a single visit to the Website, where she allegedly went to "browse" and "understand" the available items "in order to complete a purchase."  AC ¶ 6. Plaintiff made a second visit only after Defendant raised the standing issue in its pre-motion letter, and she did so only a few days before filing her Amended Complaint.  These facts raise serious questions with respect to the plausibility that Plaintiff suffered injury as opposed to manufacturing a claim.  This is especially so given that Plaintiff does not allege how she learned of the Website, how she discovered the gold earrings she ultimately sought to purchase, or how she determined that those earrings would suit her taste (given the Website's apparently ongoing defects).

It is true, of course, that Plaintiff claims to be intent "on visiting the Website immediately if it were made accessible to her."  AC ¶ 38.  But as the Second Circuit observed in *Calcano*, this type of conclusory allegation of an intent to return (without more) is merely a legal conclusion couched as a factual allegation, and is thus insufficient to demonstrate an intent to return.  36 F.4th at 76.  Plaintiff argues that there is more.  Specially, she alleges in her amended complaint that she intends to return to the website because wants to buy and then wear the gold earrings sold on the website, and that she "is unable to find that exact style [of] earrings . . . at other affordable retailers."  AC ¶ 36.  But her own attestations undermine this claim.

Plaintiff admits in her declaration that "these earrings may be available for purchase directly from the manufacturer."  Toro Decl. ¶ 11.  Seemingly recognizing the impact this fact has on her standing claim, Plaintiff asserts that buying from the manufacturer is inadequate because "the manufacturer ships items from Canada and not the United States, so [she is] concerned that the shipping will be less reliable and/or take longer to be delivered."  Toro Decl. ¶ 11.  This explanation is dubious at best and, in any event, is purely speculative.  While the Court does not

6

know precisely how long it takes for a thin pair of earrings to ship from Canada to New York, presumably it would not take any longer than required to ship the earrings from Defendant's headquarters in California, once one accounts (of course) for the time spent on litigation and revamping the defective Website.  If it is the earrings that Plaintiff wants (as opposed to another lawsuit) there are options.

In short, Plaintiff's amended complaint is rife with conclusory statements that do not suffice to nudge her claims "across the line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  Without any *plausible* factual support for her claims, Plaintiff has "failed to establish a real and immediate threat of repeated injury."  *Calcano*, 36 F.4th at 78 (internal quotation marks omitted).  Accordingly, Plaintiff's ADA claim is dismissed for lack of standing.

## II.      The State and City Law Claims

Plaintiff's New York State and City claims are governed by the same standing requirements as her ADA claim.  *See Mendez v. Apple Inc.*, No. 18-cv-7550, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019).  The Court has found that Plaintiff lacks standing under the ADA.  Accordingly, the Court finds that Plaintiff's state and city law claims must also be dismissed for lack of standing.[5]

## III.     Leave to Amend

When a complaint is dismissed for lack of standing, courts generally give the plaintiff leave to file an amended complaint.  *See Dominguez v. Grant Lux Cafe LLC*, No. 19-cv-10345, 2020 WL 3440788, at *4 (S.D.N.Y. June 22, 2020).  Courts are instructed, after all, to "freely give leave

---

[5] Additionally, Plaintiff's Fifth Cause of Action, for declaratory relief, is dismissed because "[a] request for relief in the form of a declaratory judgment does not constitute an independent cause of action."  *Cisco Sys., Inc. v. Synamedia Ltd.*, 557 F. Supp. 3d 464, 474 (S.D.N.Y. 2021).

[to amend] when justice so requires." Fed. R. Civ. P 15(a)(2).  But justice does not so require in this case.  The Court already granted Plaintiff leave to amend her complaint in response to Defendant's argument that she failed to establish standing.  [ECF Nos. 8, 9].  Moreover, Plaintiff "has not identified any proposed amendment that would cure [her] pleading and confer standing." *Dominguez*, No. 19-cv-10345, 2020 WL 3440788, at *4.  Accordingly, Plaintiff is not permitted to (once again) replead the dismissed claims.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED with prejudice. The Clerk of Court respectfully is requested to close this case and all pending motions.


**SO ORDERED.**


**Date:  July 19, 2023**              **MARY KAY VYSKOCIL**
**New York, NY**                   **United States District Judge**